GILLETTE v. THE STATE OF OHIO.

*Criminal law—Neglecting to provide for minor—Section 13008, General Code—Modification of judgment after term—Section 13015, General Code.*

A judgment regularly entered against one convicted of neglecting or refusing to provide for his minor child, under the provisions of Section 13008, General Code, cannot be opened up at a later term except as authorized by Section 13015, General Code.

(Decided November 19, 1921.)

ERROR: Court of Appeals for Lawrence county.

*Messrs. Johnson & Jones,* for plaintiff in error.
*Mr. O. E. Irish,* for defendant in error.

MAUCK, J. On December 1, 1914, Robert Gillette entered a plea of guilty to an indictment theretofore returned under Section 13008, General Code, in the court of common pleas of Lawrence county, wherein he was charged with neglecting and refusing to support his illegitimate child, Leland Pickett. Upon entry of his plea he moved the court to fix the amount to be paid for the support of the child and the amount of bond to be given, and for a suspension of sentence. The court's entry continued:

"The court grants said motion and fixes the amount to be paid for the support of said child at the sum of $1.40 per week or $6 per month, said payments to start from the birth of said child and to be paid to Verbie Pickett, the mother of said child, who is hereby appointed trustee to receive said payments; and the court fixes the amount of the bond to be given

for the performance of said order at the sum of one thousand dollars.''

Bond was given as required, and duly approved. Thereafter Gillette fully complied with the order quoted by making the payments required of him.

On March 25, 1921, the prosecuting attorney filed a motion in the common pleas court, reciting the order aforesaid, and concluding:

''It is further represented that by reason of the advanced age and increased requirements of the said child Leland Pickett or Gillette, and the vastly changed economic conditions, said sum of six dollars per month is inadequate and insufficient for the support of said child.

''It is therefore moved that said cause be re-docketed and that upon proper notice to the defendant, Robert Gillette, he be required by the court to pay for the support of said illegitimate child such sum as may be reasonable and proper, taking into consideration the age and requirements of said child and the ability of the defendant to pay.''

Thereupon a summons was issued and served upon Gillette, who appeared and filed an answer to the motion, in which he recited the order of December 1, 1914, and his performance thereof, and denied the jurisdiction of the court to re-docket said cause or to make any further order in the case. By a second defense he denied that the former order of the court was insufficient or unreasonable, and denied his ability to pay more. Trial was had upon this motion and answer, with the result that the trial court found that the defendant ought to pay at the rate of twelve dollars per month for the support, maintenance and education of Leland Pickett, and entered the following judgment:

"It is therefore ordered and adjudged that the defendant, Robert Gillette, pay for the support, maintenance and education of said Leland Pickett said sum of twelve dollars per month from this the 13th day of May, A. D. 1921, until said Leland Pickett shall arrive at the age of sixteen years, and defendant is released without bond; to all of which the defendant, Robert Gillette, excepted," etc.

This proceeding is brought to reverse the judgment and order last recited.

If the trial court had jurisdiction to open up the order of 1914 and enter an order requiring the defendant to pay an increased amount for the support of the child it must have been because in some way the jurisdiction of the court, duly exercised by it in 1914, was a continuing jurisdiction. There is, of course, no doubt that a court, having authority to decree a divorce of the parties, has continuing jurisdiction over the children who are by the action brought into court and made wards thereof. (*Hoffman* v. *Hoffman,* 15 Ohio St., 427, and *Rogers* v. *Rogers,* 51 Ohio St., 1.) But this is no such case. This is a criminal action wherein the defendant was charged with a felony, in that he had violated Section 13008, General Code. It is true that the proceeding, while in the name of the state, involves the rights of the child named in the indictment. No reason occurs to us why that fact alone changes the character of the jurisdiction of the trial court. A proceeding in bastardy is intended to and does accomplish the same result that the criminal trial under Section 13008 accomplishes. (*McKelvy* v. *State,* 87 Ohio St., 1.) It has never, however, so far as we know, been suggested that because the bastardy proceeding involves the rights of children that an order

once made therein can be subsequently disturbed and modified because changed circumstances suggest the expediency of such change. While there is, therefore, no inherent power in a court to change its order at a subsequent term, in such a case as this, if such order has been fully and regularly entered, there is statutory authority for the modification of a decree to be found in Section 13015, General Code, as follows:

"Upon failure of such father or mother, or husband of such pregnant woman to comply with any order and undertaking provided for in this subdivision of this chapter, he or she may be arrested by the sheriff or other officer, on a warrant issued on the precipe of the prosecuting attorney, and brought before the court for sentence. Thereupon the court may pass sentence, or for good cause shown, may modify the order as to the time and amount of payments, or take a new undertaking and further suspend sentence as may be for the best interests of such child or pregnant woman and the public."

The very fact that the general assembly made this express statutory provision for the subsequent modification of an order negatives the idea that there was inherent power in the court to make such modification without such express statutory authorization. The statute provides that the court may modify its order upon the failure of the defendant to comply with the court's order. This would be a wholly unnecessary provision if the court had power to modify its order whether the defendant had refused to comply with the demand or not. The expression of this one power excludes the theory that there was some other prior inherent power. We are cited, however, by the defendant in error to *Hirstius, Sheriff,* v. *Gott-*

*schalt,* 12 C. C., N. S., 361, as authority for the modification of the judgment in the common pleas court. It is true that there is no substantial difference between the statute under which the *Hirstius case* was decided and Section 13015 of the present code, nor is there any substantial difference in the statute law then and now providing for the character of judgment to be rendered after conviction for a failure to provide for one's child.  The difference between the *Hirstius case* and the instant case lies not in any difference in the law, but in the judgments sought to be modified.  In the instant case the order of December 1, 1914, was a general one for the defendant to pay the prescribed sum per week for the support of the child.  The entry followed the statute.  There was in it no limitation of time.  The payments were bound to continue for such time as was covered by the law.  In the *Hirstius case* the order of the trial court was that there should be paid "the sum of twenty dollars quarterly, beginning July 1, 1906, until the further order of the court."  Two views may be taken of that order; one is that there never was a legal order made because the order actually entered was not to run during the full period of liability, but only until the further order of the court, that the order was therefore a nullity, and that the court subsequently had a right to enter an order as though one had never been made.  The other view is that the court expressly made a temporary order, effective only until the court might subsequently modify it, and that the court thereby expressly reserved the right to make such order in the future as it might deem best.  The *Hirstius case,* therefore, is distinguishable from the case at bar, and if it were not so distinguished we would be unwilling to follow it.

We conclude, therefore, that there was no authority in the court of common pleas for modifying the order of December 1, 1914.

The decree of May 14, 1921, is reversed, and the motion for a modification dismissed.

*Judgment reversed.*

Sayre and Middleton, JJ., concur.